IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

SIRIA NELLY VACA MENDOZA

CASE NO. 10-07244 BKT

CHAPTER 7

Debtor(s)

ADVERSARY NO. 12-0035

SIRIA NELLY VACA MENDOZA

Plaintiff

PR ACQUISITIONS LLC

FILED & ENTERED ON 05/25/2012

Defendant(s)

OPINION AND ORDER

This proceeding is before the court upon Plaintiff's motion requesting Partial Summary Judgment and Statement of Uncontested Facts [Dkt. No. 11], Defendant's Answer to Statement of Uncontested Facts [Dkt. No. 16] and the Opposition to Motion for Partial Summary Judgment [Dkt. No. 17].  For the reasons set forth below, the Plaintiff's Motion Requesting Summary Judgment is denied.

Procedural Background:

Debtor/Plaintiff, Siria Nelly Vaca Mendoza, had a previous bankruptcy case numbered 10-07244 that concluded with a discharge in November 2010.  Plaintiff now appears before us with the allegation of a collection attempt made by Defendant, PR Acquisition, LLC, thru Leonard & Associates, PSC, on a debt that was allegedly discharged in the previous bankruptcy case referenced.

Standard of Review:

Under Federal Rules of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The Court must view the evidence in a light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

 Discussion:

     The Plaintiff has the burden to prove the prima facie elements of her case, and that there are no contested material  facts that prevent the court from entering judgment in her favor.  In this case those elements are, at a minimum,  that there is no dispute as to the facts that the collection attempt is from the same creditor against the same

debtor, for the same amount of money and regarding the same bank account. The only document presented by the Plaintiff with her request for summary judgment is a letter allegedly received by the Plaintiff (Dkt. No. 11, Exhibit 1 of Plaintiffs' Motion Requesting Partial Summary Judgment). This document by itself does not satisfy the elements necessary to decide a motion for summary judgment, namely that there are no contested material facts. Actually, there remain several disputed material facts that would mandate a trial, such as whether the debt that is being collected by Defendant is the same that was discharged; whether this claim was discharged; was Defendant properly listed and notified in the previous case that received a discharge; the amount being collected is the same amount that was discharged; the debtor is the same for the discharge and the collection letter; and the collection letter that the Plaintiff present was in fact sent by Leonard & Associate, PSC by request and on behalf of PR Acquisitions, LLC.

WHEREFORE, IT IS ORDERED that Plaintiff's motion requesting summary judgment shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 25 day of May, 2012.

Brian K. Tester
U.S. Bankruptcy Judge